IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JERRY LEE LEWIS,

            Plaintiff,                          ORDER

      v.                                                13-cv-457-bbc

JEROME SWEENEY, *et al.*,

            Defendants.

---

Pro se prisoner Jerry Lee Lewis is proceeding on a claim that defendants violated his Eighth Amendment rights by using hand and leg restraints on him in a way that caused him unnecessary pain. Plaintiff has filed a motion to compel defendants to produce several documents: (1) WSPF Procedure #900.516.03, (2) any policies that "encompass staff observance of medical restrictions while applying hand and leg restraints on prisoners" and (3) DAI Policy #300.00.57. For the reasons explained below, I am denying plaintiff's motion, with the exception that I am requiring defendants to supplement their response to plaintiff's request for Procedure #900.516.03.

**I. WSPF Procedure #900.516.03**

The parties agree that this procedure relates to the restraining and escorting of prisoners within the institution. Defendants object to providing this procedure to plaintiff on security grounds. In a declaration, the prison's security director gave the following explanation:

> If an inmate were to gain access of this policy, it would give them insight as to how security staff maintain control of inmates through the use of restraints. This policy discusses in detail the step-by-step process of retraining an inmate. More specifically, it discusses: retaining procedure – behind the back, unrestraining procedure – behind the back, restraint procedure – from the front, unrestraining procedure – from the front, non-restrained

>segregated status inmates (High Risk Offender Program - Green Phrase), miscellaneous precautions, restraint levels/escorting of segregation inmates, general population inmates and unit main entrance doors.
>
>Inmates could use the information in WSPF Facility Procedure #900.516.03 to manipulate staff, thwart security/restraining procedures and cause an incident with staff and/or other inmates. It is imperative to the security of the institution and safety of staff and other inmates, that inmates not be allowed access to this policy.

Sweeney Decl. ¶¶ 4-5, dkt. 34.

If this is all that the procedure discusses, then it has no relevance to plaintiff's claim. The court did not allow plaintiff to proceed on a claim that particular techniques that defendants used on him are unconstitutional. Rather, plaintiff is alleging that defendants should have used larger restraints on him and should have handcuffed him in the front rather than the back. Defendants do not say expressly whether Procedure #900.516.03 addresses the general questions of the size of restraints that should be used on a prisoner or whether a particular prisoner should be restrained in the front or the back. If these questions are addressed by the policy, it is difficult to see how that information could implicate security concerns.

Accordingly, I will give defendants two options: (1) give plaintiff a redacted copy of Procedure #900.516.03 that allows him to see any portion of the procedure that addresses the size of restraints that should be used and whether to restrain a prisoner in the front or the back, or (2) if the procedure does not include that information, provide plaintiff and the court a sworn statement to that effect from someone with personal knowledge. In either case, defendants should provide an unredacted, *in camera* copy of the procedure to the court.

In the future, if defendants object to the production of otherwise discoverable information on the ground that doing so would implicate security, they should seek a protective order under Fed. R. Civ. P. 26(c) and provide the information to the court *in camera*, along with a specific explanation of their objection, rather than simply refuse to produce the information. Rule 26(b) provides various grounds for objecting to a discovery request, but "security" is not one of them. Thus, the burden is on defendants to show that they are entitled to withhold the information.

**II.  Policy regarding medical restrictions on the use of restraints**

Defendants objected to this request on the ground that no such policy exists, but they say that they will stipulate to the fact that "correctional officers or other personnel are supposed to observe applicable medical restrictions when applying restraints." Dfts.' Br., dkt. 32, at 3. Because defendants cannot produce what does not exist, and defendants' stipulation seems to address plaintiff's request, I am denying this aspect of plaintiff's motion as moot.

**III. DAI Policy #300.00.57**

Defendants say that DAI Policy #300.00.57 is titled "Hunger Strikes—Inmates Refusal to Eat or Drink" and that it has no relation to this case. Plaintiff does not dispute defendants' description of the subject matter of the policy, but he says that the policy "has total relevance to this lawsuit by showing that defendants have a history of deliberate indifference towards plaintiff and WSPF policies." Plt.'s Br., dkt. 31, at 4. However, plaintiff does not explain with any specificity how the policy could help him prove his claims. Even if I assume that plaintiff

3

believes that one or more defendants violated this policy in the past, this would not show that defendants restrained him improperly. To the extent that plaintiff wants to argue that it is more likely that defendants restrained him improperly because they treated him improperly when he was on a hunger strike, this type of generalized propensity evidence would be barred by Fed. Rs. Evid. 403 and 404(b).

## ORDER

It is ORDERED that

(1)   No later than April 25, 2014, defendants must either give plaintiff a redacted copy of Procedure #900.516.03 that allows him to see any portion of the procedure that addresses the size of restraints that should be used and whether to restrain a prisoner in the front or the back, or, if the procedure does not include that information, provide plaintiff and the court a sworn statement to that effect from someone with personal knowledge. In either case, defendants should provide an unredacted, *in camera* copy of the procedure to the court.

(2)   In all other respects, plaintiff's motion to compel, dkt. 31, is DENIED.

Entered this 11th day of April, 2014.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge