IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JERRY LEE LEWIS,

                     Plaintiff,                         ORDER

     v.

                                                            13-cv-457-bbc

JEROME SWEENEY, BRIAN KOOL,
JOHN KUSSMAUL, MARY TAYLOR,
JEREMY McDANIELS and JARED BARR,

                    Defendants.

---

Pro se prisoner Jerry Lee Lewis is proceeding on a claim that defendants violated his Eighth Amendment rights by using hand and leg restraints on him in a way that caused him unnecessary pain. Before the court are (1) plaintiff's motion to compel documents that plaintiff requested on May 11, 2014, dkt. 43; and (2) plaintiff's motion for appointment of counsel, which is more accurately framed as a motion for court assistance recruiting counsel, dkt. 41. For the reasons stated below, I am denying both motions.

In his motion to compel, plaintiff seeks disclosure various policies relating to the way correctional officers are supposed to escort prisoners. This is a follow up to a previous motion to compel in which plaintiff sought WSPF Procedure #900.516.03 and any policies that "encompass staff observance of medical restrictions while applying hand and leg restraints on prisoners." Dkt. 31. In an order dated April 11, 2014, I directed defendants to "either give plaintiff a redacted copy of Procedure #900.516.03 that allows him to see any portion of the procedure that addresses the size of restraints that should be used and whether to restrain a prisoner in the front or the back, or, if the procedure does not include that information, provide plaintiff and the court a sworn statement to that effect from someone with personal knowledge." Dkt. 35 at 4. I denied plaintiff's second request because defendants represented that they did

not have a specific policy regarding staff observance of medical restrictions while applying hand and leg restraints on prisoners. However, defendants stipulated to the fact that "correctional officers or other personnel are supposed to observe applicable medical restrictions when applying restraints." Dfts.' Br., dkt. 32, at 3.

In response to the April 11 order, defendants gave plaintiff a redacted copy of WSPF Procedure #900.516.03. In his motion to compel, plaintiff does not challenge the redactions, but he says that defendants are now refusing to provide *other* policies governing prisoner escorts. But plaintiff's has not identified any other policies that might be responsive to his request; in fact, defendants deny that there are any. Obviously, defendants cannot produce what does not exist. Plaintiff may believe that defendants *should* have more policies, but I cannot grant his motion in the absence of any evidence that the defendants really do have more policies but are withholding them and lying about it.

With respect to plaintiff's motion for assistance in recruiting counsel, the first question is whether plaintiff has made reasonable efforts to obtain counsel on his own. *Jackson v. County of McLean*, 953 F.2d 1070 (7th Cir. 1992). In this case, plaintiff says that he has written at least seven lawyers, but none of them have responded to his request. This is surprising because the usual practice of most lawyers in this situation is to send a rejection letter to the prisoner. Plaintiff has not submitted to the court any copies of the letters that he says he sent, and plaintiff has not stated when he sent them. Absent this information, the court cannot determine whether plaintiff actually has made reasonable efforts to find a lawyer on his own. I will assume for the purpose of plaintiff's motion that he wrote to each of the lawyers and that each of the lawyers has refused to represent him. However, in the future, if a lawyer does not respond,

plaintiff should provide to the court a copy of the letter he sent the lawyer, along with evidence of the date he sent it.

The next question is whether the complexity of the case exceeds plaintiff's ability to litigate it. *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007). For the reasons discussed below, I conclude that plaintiff has failed to make that showing.

Plaintiff is proceeding on only one claim, which is that defendants knew that they were using restraints on him that were subjecting him to a substantial risk of serious harm, but they refused to take reasonable measures to prevent the harm, in violation of the Eighth Amendment. This claim does not involve complicated legal questions and it does not require plaintiff to understand medical or scientific issues and then adduce evidence about them. Rather, plaintiff may rely on his own testimony as well as any interrogatories submitted to defendants to prove any harm caused by the restraints and what defendants knew about that harm.

With respect to plaintiff's ability, his filings thus far suggest that he is able to litigate this relatively straightforward claim on his own. He filed a detailed complaint that was clear and easy to understand. Since then he has filed various discovery requests as well as two motions to compel, one of which was granted in part. In general, plaintiff's filings show that he has an understanding of the law and rules of procedure. If anything, plaintiff's demonstrated ability is above that of the average pro se litigant.

Plaintiff says that his status as a prisoner limits his ability to be an effective litigant. That is true to an extent, but plaintiff's incarceration is not a ground by itself for the court to seek a lawyer for him. Olson v. Morgan, 750 F.3d 708, 712 (7th Cir. 2014) (affirming decision to deny motion for assistance in recruiting counsel despite acknowledging that "imprisonment only

exacerbates the already substantial difficulties that all pro se litigants face"). As the court of appeals noted,

> almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases. District courts are thus placed in the unenviable position of identifying, among a sea of people lacking counsel, those who need counsel the most.

Id. at 711.

Because plaintiff has not shown at this time that he is unable to litigate this case on his own, I am denying his motion for assistance in recruiting counsel.

ORDER

It is ORDERED that plaintiff Jerry Lee Lewis's motions to compel and for assistance in recruiting counsel, dkt. 41 and 43, are DENIED.

Entered this 14th day of July, 2014.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge

4