IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JERRY LEE LEWIS,

                                  Plaintiff,

      v.

JEROME SWEENEY, BRIAN KOOL,
JOHN KUSSMAUL, MARY TAYLOR,
JEREMY McDANIELS and JARED BARR,

                                  Defendants.

ORDER

13-cv-457-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Pro se plaintiff Jerry Lee Lewis is proceeding on a claim that several prison officials violated his rights under the Eighth Amendment by requiring him to wear restraints that were too small for him, causing him serious pain.  In an order dated December 3, 2014, I concluded that plaintiff was entitled to assistance in recruiting counsel because the complexity of the case exceeded plaintiff's ability to represent himself at trial.

      Eric Hatchell and Naikang Tsao of the law firm Foley & Lardner LLP have agreed to represent plaintiff, with the understanding that they will serve with no guarantee of compensation for their services.  It is this court's intention that the scope of representation extends to proceedings in this court only.  "Proceedings in this court" include all matters leading up to a final judgment on the merits, the filing of a Notice of Appeal, if appropriate, and ensuring that all steps are taken to transfer the record to the Court of Appeals for the

1

Seventh Circuit.

Additionally, the court intends the scope of representation to be limited to litigating plaintiff's current claims. It will be unnecessary for counsel to file an amended complaint or otherwise relitigate matters already completed. Counsel should focus on doing what is necessary to prepare the case for trial. However, if counsel believe that they need to conduct additional discovery, they may make that request at the scheduling conference.

Plaintiff should understand that because he is now represented in this case, he may not communicate directly with the court from this point forward. He must work directly with counsel and permit them to exercise their professional judgment to determine which matters are appropriate to bring to the court's attention and in what form. Plaintiff does not have the right to require counsel to raise frivolous arguments or to follow every directive he makes. He should be prepared to accept the strategic decisions made by counsel even if he disagrees with some of them. If plaintiff decides at some point not to work with counsel, he is free to end the representation, but he should be aware that it is unlikely that the court will work to recruit another set lawyer to represent him.

If the parties believe that mediation could help resolve their disputes, they may contact the clerk of court, Peter Oppeneer, for assistance.

ORDER

IT IS ORDERED that the clerk of court is directed to set a telephone conference before Magistrate Judge Stephen Crocker to set the schedule for the remainder of the

proceedings in this lawsuit.

Entered this 10th day of December, 2014.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge